United States
District Court
Of
Northern New Jersey

Richard R. Kreimer,

    Plaintiff,

vs.

City of Newark, New Jersey

Newark Mayor Booker

Newark City Council

Newark City Council President Crump

Newark Police Department

Newark Police Director McCarthy

Newark Police Chief Campos

New Jersey Transit Inc.

New Jersey Transit Director Sarles

New Jersey Transit Police Department

New Jersey Transit Police Chief Bober

New Jersey Transit Police Captain Stiehler

New Jersey Transit Police Admin. Sgt. DiBennetto

New Jersey Transit Lieutenant Dawes

New Jersey Transit Police Officer Robert Scott

    Defendants:

Collectively – individually – entity et al.

**Complaint**

**Jury Demand**
**Civil Rights**

08-2364
(SDW)

RECEIVED-CLERK
U.S. DISTRICT COURT
2008 MAY 13  P 3:20

Dated this

[Summary of Pleading] - 1

## Preliminary Statement

Plaintiff with a short, plain statement of facts and probable cause to bring this precedent lawsuit states that the Defendants violated Plaintiffs Civil Rights with deliberate indifference, and violated New Jersey State Law.

As well as Federal Law by adopting and enforcing City of Newark's Loitering Ordinance Title 20-2-14-4. In 1982 the New Jersey Supreme Court struck down Newark's Loitering Statute 17-2-14 R.O.C.S. in State v. Crawley, 90 N.J. 241 (1982).

Therefore the City of Newark and New Jersey Transit has been enforcing an illegal law via plaintiff, and possible other citizens.

## Substantial Allegations
### First Count

*Plaintiff*:   States that on October 31, 2007 while engaged in peaceful activities at Newark Penn Station inside and outside of transportation center and Plaintiff was ticketed commuter, Plaintiff was not requiring any police assistance.

### Second Count

*Plaintiff*:   States Plaintiff was approached by New Jersey Transit Police Officer Robert Scott who told Plaintiff he was in violation of the City of Newark's Loitering Ordinance Title 20-2-14-4 and with threat of Summon – arrest. Plaintiff was given order to vacate the facility.

### Third Count

*Plaintiff*:   States Officer Scott also instructed Plaintiff that he was not using transportations center for its intended purpose.

## Negligence Claims
### First Count

*Plaintiff:* States all Defendants are liable for allowing, using a loitering ordinance against Plaintiff that is similar to previous Statute that was declared unenforceable.

### Second Count

*Plaintiff:* States it is the professional requirement of the Mayor – Council – Newark Police Chief – Police Director – Director Sarles, Police Chief Bober, Capt. Stiehler, Sergeant DiBennetto and Lieutenant Dawes to make sure the Laws they have their employees apply to citizens are legal.

### Third Count

*Plaintiff:* States Chief Bober, Captain Stiehler, Sergeant DiBennetto and Lieutenant Dawes failed to train, supervise Officer Scott properly via current Loitering Law of New Jersey and Federal Law.

## Discrimination Claims
### First Count

*Plaintiff:* States Officer Scott violated New Jersey Laws Against Discrimination and violated Federal Discrimination Laws for targeting Plaintiff with selective enforcement of Title 20-2-14-4 because Plaintiff is homeless. Officer Scott has a dislike of Plaintiff since Plaintiff had sued some New Jersey Transit Police in years past. Plaintiff states Officer Scott would never apply Title 20-2-14-4 to a business man or woman.

## Harassment Claims
### First Count

*Plaintiff:*   States all Defendants are liable for allowing, using a clearly unconstitutional ordinance via Plaintiff.

## New Jersey Constitutional Claims
### First Count

Plaintiff:   States Defendants violated Plaintiff's Due Process, Equal Protection, Freedom of Assembly, Article I-5, Article I-7 Search and Seizures Clauses, Freedom of Speech, Article I-18.

## United States Constitutional Claims
### First Count

*Plaintiff:*   States Defendants violated Plaintiff's 1st, 4th and 14th amendments as well as equal protection clauses and freedom of speech.

## New Jersey Civil Rights Claims
### First Count

*Plaintiff:*   States Officer Scott violated Plaintiff's Civil Rights by giving Plaintiff an illegal order to leave a public place of accommodation, therefore violating the New Jersey State Law via places of Public Accommodation.

## United States Civil Rights Claims
### First Count

*Plaintiff:*   States Officer Scott violated Plaintiff's Civil Rights by giving Plaintiff an illegal order to vacate a public place under Color of Law Section 42-1983.

## Prayer for Relief
## First Count

*Plaintiff*:   Seeks a Court Order that the City of Newark's Loitering Ordinance Title 20-2-14-4 is unconstitutional under the New Jersey Constitution and the United States Constitution. The Statute is arbitrary, vague, capricious and discriminatory in its application.

## Second Count

*Plaintiff*:   Seeks injunctive relief from the Court preventing the City of Newark Police Department, New Jersey Transit Police or any other law enforcement agency within the city limits of Newark to enforce Title 20-2-14-4 such as Rutgers Campus Police, UMDNJ Police, Essex County Sheriffs Department or Port Authority of NY & NJ Police via Path or Airport.

## Damages
## First Count

*Plaintiff*:   Seeks compensatory and punitive damages and emotional pain and suffering damages, humiliation damages for malicious conduct by Defendants and five (5) million dollars in monetary damages including any award the Court deems necessary for Plaintiff.

## State of New Jersey Venue Claims
## First Count

*Plaintiff*:   States New Jersey Court has venue since violations took place in Essex County, New Jersey.

### State of New Jersey Jurisdiction Claims
### First Count

*Plaintiff*:   States New Jersey Court has jurisdiction via this claim since Newark Loitering Ordinance Title 20-2-14-4 is a municipal ordinance in New Jersey.

### United States Venue Claims
### First Count

*Plaintiff*:   States United States District Court for Northern New Jersey has venue since violations took place in Essex County, New Jersey.

### United States Jurisdiction Claims
### First Count

*Plaintiff*:   States United States District Court has jurisdiction since the City of Newark Loitering Ordinance Title 20-2-14-4 raises serious Federal Constitutional issues and Section 42-1983 is a Federal Claim.

### Class Action Status
### First Count

Plaintiff may address Federal Court or New Jersey State Court to allow a Class Action claim for the possibly other citizens who may have been violated by Title 20-2-14-4 and those charged with trespassing under the Disorderly Persons statute in the past.

### American Civil Liberties Union Claims
### First Count

Plaintiff seeks at a later time permission from the United States District Court to allow the A.C.L.U. of New Jersey to be Amicus Curiae for the Plaintiff.

## Summary

*Plaintiff:*   States in 1966 the City of Newark adopted Loitering Ordinance 17-2-14 R.O.C.S. then in the case of the State of New Jersey vs. Crawley the New Jersey Supreme Court struck down Loitering Ordinance 17-2-14 as unenforceable and unconstitutional. Then in later years the City Council of Newark revised this ordinance and passed Title 20-2-14-4. Recently Plaintiff was informed by a Mr. Ken Lewis of the City of Newark's Clerk's Office that Title 20-2-14-4 is currently an active law in the City of Newark, New Jersey. The Mayor and the Police Department have no plans to ask the City Council to repeal such ordinance. At 5:45 pm on Wednesday October 31, 2007, Officer Scott was on duty at Newark Penn Station. He informed Plaintiff that it was an active law and a copy of said law can be obtained at the Newark City Library.

**Plaintiff** *5/14/08 Richard R. Kreimer*   C/C

| | |
|---|---|
| Mr. Richard R. Kreimer | A.C.L.U. of New Jersey |
| 45 Park Place South | Legal Director |
| Box 184 | Mr. Edward Barocas |
| Morristown, New Jersey 07960 | |

**Defendants**

City of Newark
920 Broad Street
Newark, New Jersey 07102

New Jersey Transit
1 Penn Plaza east
Newark, New Jersey 07105