NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
RICHARD R. KREIMER,                 :
                                    :
                                    :
            Plaintiffs,             :    Civ. Action No. 08-2364 (SDW)
                                    :
                                    :
       v.                           :
                                    :    **OPINION**
                                    :
CITY OF NEWARK, et al.,             :
                                    :    March 10, 2009
                                    :
                                    :
                                    :
            Defendants.             :
_____:

**Wigenton**, District Judge

      Before the Court is Defendants' City of Newark, New Jersey, Newark Mayor Corey Booker, and Municipal Council President Mildred Crump., (collectively "Newark Defendants") Motion to Dismiss ("Motion to Dismiss") Plaintiff Richard Kreimer's ("Plaintiff") Amended Complaint ("Complaint"), as it relates to the Newark Defendants, for Failure to State a Claim, pursuant to Fed. R. Civ. P. 12(b)(6). The Court has jurisdiction pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391. The Court, having considered the parties' submissions, decides these motions without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons discussed below, the Court **grants** the Newark Defendants' Motion to Dismiss as it pertains to Mayor

Corey Booker and City Council President Mildred Crump. The Court **denies** the Newark Defendants' Motion to Dismiss as it pertains to the City of Newark.

**Background**

Plaintiff is a homeless resident of the State of New Jersey. On October 31, 2007, Plaintiff was a ticketed passenger at Pennsylvania Station in Newark, New Jersey when he was approached by Defendant New Jersey Transit officer Robert Scott ("Scott"). Scott advised Plaintiff that Plaintiff's presence in Pennsylvania Station was in violation of the City of Newark Code 20-2-14-4 ("the Newark ordinance"). Scott informed Plaintiff that "he was not using Penn Station for its intended purpose, and ordered Plaintiff to leave the location under threat of arrest for said violation." *Id.* at ¶ 8. Plaintiff was given a citation for violating the Newark Ordinance. It is undisputed that the Newark ordinance is unconstitutional pursuant to the New Jersey Supreme Court decision in *State v. Crawley*, 90 N.J. 241 (1982). Said ordinance was never repealed by the City of Newark.

On September 27, 2008 Plaintiff filed an Amended Complaint ("Complaint") against the City of Newark, New Jersey; Newark Mayor Booker; and Newark City Council President Crump, among others.[1] The Complaint alleges that: (Fourth Count) the Newark Defendants violated 42 U.S.C. § 1983 because it failed to repeal the Newark ordinance; and (Eighth Count) the Newark Defendants violated N.J.S.A. 10:6-2 because Defendant Scott acted under the color of state law to deprive Plaintiff of his civil rights.

On December 12, 2008, the Newark Defendants moved to dismiss the Complaint as it pertains to them. The Newark Defendants assert that 1) Mayor Booker and City Counsel President Crump are entitled to absolute immunity for their legislative activities

---

[1] This motion only discusses the Newark Defendants.

and 2) the City of Newark is not liable for Plaintiff's damages because the City does not exercise control over the New Jersey Transit Police Officers.

**DISCUSSION**

**Legislative Immunity**

**A.**     Mayor Cory Booker and Council President Mildred Crump

"It is well established that federal, state, and regional legislators are entitled to absolute immunity from civil liability for their legislative activities." *Bogan v. Scott-Harris*, 523 U.S. 44, 46 (1998) (holding that a mayor and city council member were protected from § 1983 liability for their legislative activities.)  The scope of this absolute legislative immunity extends to all actions and omissions, *see Pasqua v. Council*, 186 N.J. 127, 152 (2006), taken "'in the sphere of legitimate legislative activity.'" *Bogan,* 523 U.S. at 54 (citation omitted).

In the instant action, Plaintiff alleges that "as a direct, proximate and foreseeable result of [Mayor Booker's & Council President Crump's] failure to repeal the Newark ordinance", Plaintiff was "deprived of liberty and property without Due Process of Law guaranteed…under the United States Constitution."    (Complaint, ¶¶ 10, 12). Promulgating and repealing ordinances are legislative functions.  *See Pasqua v. Concil*, 186 N.J. 127, 152 (2006).  Consequently, Mayor Booker and Council President Crump are immune from liability for their failure to repeal the Newark ordinance.  Thus, the Newark Defendant's Motion to Dismiss is hereby GRANTED, as it relates to Mayor Booker and Council President Crump.

**B**.     City of Newark

The City of Newark alleges that Plaintiff's claims are baseless because the City of Newark neither had control over Defendant Scott nor required New Jersey Transit to enforce The City of Newark's ordinances.  Defendant Scott is a New Jersey Transit officer who is under the control of New Jersey Transit. Thus the City of Newark contends that it is entitled to absolute immunity.

In *Green v. New York City Hous. Auth.*, 1997 U.S. Dist. LEXIS 4136 (S.D.N.Y. 1997), plaintiff brought a § 1983 claim against the City of New York alleging that New York City Housing Authority police officers violated plaintiff's constitutional rights. *Id.* at *3.  At the time, the Housing Authority was an independent and separate entity from the City of New York, and the City did not exercise control over the Housing Authority's police officers. *Id.* at *4.  In denying the City's 12(b)(6) motion to dismiss, the court determined that plaintiff's argument that "the City's policies themselves led to the violation at issue…[was] enough, at the pleading stage, for the § 1983 claim to survive against the City." *Id.* at *6-*7.

In the present case, the City of Newark is not entitled to absolute immunity. Plaintiff alleges that it was the Newark Ordinance, and the City of Newark's failure to repeal same, which led to a deprivation of Plaintiff's constitutional rights. Thus, Plaintiff's allegation that the City of Newark's failure to repeal the Newark Ordinance lead to a deprivation of his constitutional rights is "enough, at the pleading stage, for the § 1983 claim to survive against the city." *Id*.

**Conclusion**

For the reasons stated above, this Court GRANTS the Newark Defendants Motion to Dismiss as it pertains to Mayor Booker and City Counsel President Crump. The Court DENIES the Newark Defendants Motion to Dismiss as it pertains to the City of Newark.

s/Susan D. Wigenton, U.S.D.J.

Orig:   Clerk
cc:     Hon. Madeline Cox Arleo, U.S.M.J.
        Parties