UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

RICHARD R. KREIMER,

      Plaintiff,

v

CITY OF NEWARK, NEW JERSEY;
NEW JERSEY TRANSIT, INC.; NEW
JERSEY TRANSIT DIRECTOR
SARLES; NEW JERSEY TRANSIT
POLICE DEPARTMENT; NEW
JERSEY TRANSIT POLICE CHIEF
BOBER; NEW JERSEY TRANSIT
POLICE CAPTAIN STIEHLER; NEW
JERSEY TRANSIT POLICE CAP-
TAIN IMPERIALE; NEW JERSEY
TRANSIT POLICE ADMINISTRAT-
OR SGT. DiBENNETTO; NEW
JERSEY TRANSIT SERGEANT
DAWES; NEW JERSEY TRANSIT
POLICE OFFICER ROBERT SCOTT;
JOHN DOE # 1, an employee of New
Jersey Transit individually and as an
employee of the State of New Jersey;
and JOHN DOES #2 to # 10, being
NEW JERSEY TRANSIT OFFICERS
and/or EMPLOYEES AS YET
UNIDENTIFIED,
                Defendants

Civil Action

Case No.:2:08-cv-2364

*SECOND AMENDED
COMPLAINT
and
JURY DEMAND*

---

**PARTIES**

    1.    Plaintiff, Richard R. Kreimer is a citizen and resident of the State of New

Jersey who has no permanent home or address.

2.      Defendants are all municipal corporations of the State of New Jersey and/or officials of said municipal corporations and/or agencies of the State of New Jersey and/or officials of said agencies and/or employees of said municipal corporations and/or the State of New Jersey.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1343 and the provisions of 42 U.S.C. § 1983 as Plaintiff is asserting claims based upon the violation of his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution.

4.      The Court has supplemental jurisdiction over the related state court law claims asserted herein pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this District because all of the Defendants are within this District, and the events giving rise to the Plaintiff's claims occurred within this District..

**FACTS COMMON TO COUNTS ONE through NINE**

6.      On March 23, 2006 Defendant NJTPD Capt Imperiale issued an Order directing the officers in the NJTPD to have a "0 approach" [i.e., a zero tolerance] towards homeless people.

7.      On October 31, 2007 Plaintiff was a ticketed passenger at Penn Station in

Newark, New Jersey engaged in peaceful activities not requiring police assistance. At that time and place, Plaintiff was approached by Defendant New Jersey Transit ("NJT") officer Robert Scott, who advised Plaintiff that by his presence at that time and place, he was violating City of Newark Code 20-2-14-4 ("the Newark ordinance")and that he was not using Penn Station for its intended purpose, and ordered Plaintiff to leave the location under threat of arrest for said violation.

8. On information and belief, Defendant Scott selectively targeted Plaintiff for enforcement of the Newark ordinance because he was known to Scott from prior civil actions he has brought against New Jersey Transit and certain officers; and because he was and is homeless.

9. Defendant the City of Newark (collectively, "the Newark Defendants") knew or should have known that the Newark ordinance was void, illegal and unconstitutional under both the United States Constitution and the Constitution of the State of New Jersey. The Newark Defendant should have, but did not, repeal said ordinance.

10. As a direct, proximate and foreseeable result of their failure to repeal the Newark ordinance, it was used to harass Plaintiff and violate his constitutional rights as set forth herein.

11. Plaintiff was reasonably unaware that New Jersey municipal public loitering laws, such as City of Newark Code 20-2-14-4 are void, illegal and unenforceable laws

by virtue of the decision of the New Jersey Supreme Court in **State v Crawley, 90 NJ 241 (1982)**.

12. As a result of the enforcement of this invalid and void public loitering law, Plaintiff was cited for violations and hence deprived of liberty and property without Due Process of Law guaranteed to him under the United States Constitution.

13. Plaintiff has been injured by enforcement of Defendant City of Newark Code 20-2-14-4 including being subjected to the necessity of engaging counsel and/or paying fines, civil penalties and court costs.

14. Plaintiff had and has a constitutional right under both the Constitution of the United States and the Constitution of New Jersey to be present in and travel throughout the State of New Jersey without fear that he will be subject to enforcement of void and invalid municipal public loitering ordinances and laws by New Jersey Municipal agents and agencies that violate both the statutes and public policy of New Jersey prohibiting these ordinances and laws. Plaintiff continues to be present in and travel throughout New Jersey in the reasonably foreseeable future.

15. Unless restrained Defendant City of Newark will continue to be able to enforce its Public Loitering Ordinance and thereby subject Plaintiff to further and future violation of his constitutional rights. Such violations would cause irreparable harm to Plaintiff for which there is no adequate remedy at law.

16  Defendants New Jersey Transit, Inc., ("NJT") NJT Police Department,

("NJTPD"),  NJT Director Sarles, NJTPD Chief Bober, NJTPD Capt. Stiehler, NJTPD Capt. Imperiale, NJTPD Sgt. DiBennetto and NJTPD Sgt. Dawes (collectively, the NJT Defendants") had a duty to train all officers under their command, control, authority and supervision to not enforce, or threaten to enforce, laws that are known to be, or should be known to be, void and unconstitutional, such as the Newark ordinance or other laws against loitering.

17.     The NJT Defendants failed to train and supervise the officers under their command, and especially Defendant Scott, to refrain from enforcing or threatening to enforce, the Newark ordinance and others like it.

18.     The harassment of Plaintiff by Defendant Scott was the latest in a series of acts of harassment directed against Plaintiff by the NJT Defendants going back many years.  All said acts of harassment were similar in that they involved acts violating his civil rights of the same kind and nature as that of October 31, 2007.

**FACTS COMMON TO COUNTS TEN to FOURTEEN**

19.     On June 9, 2009 at approximately 2:58 PM, Plaintiff was present on Track 1 at Newark Penn Station preparing to board the 2:58 train to Secaucus Junction and New York City.  He was a duly ticketed passenger at the time.

20.     As he attempted to board the last car on the train, John Doe # 1, who was in the uniform of a New Jersey Transit Conductor, and who acted with apparent authority as a conductor, blocked Plaintiff's access to the train car.  John Doe # 1 asked

Plaintiff if he had a ticket, which is not customary and usual, and then John Doe # 1 said that he recognized Plaintiff as "the guy who was suing New Jersey Transit". John Doe # 1 went on to say to Plaintiff that he [Plaintiff] never had a ticket" and that he [Plaintiff] "wasn't getting on his [John Doe # 1's] train". Defendant John Doe # 1 was effective in preventing Plaintiff from boarding the train, and as the train pulled away, John Doe # 1 gave Plaintiff the finger.

21. On many occasions extending back to ca 2003, Plaintiff has been subjected to similar treatment by New Jersey Transit employees, often accompanied by statements indicating that the actor or actors knew who he was and knew of his advocacy for homeless rights through litigation.

22. John Does #6 to 10 are New Jersey Transit employees responsible for the training and supervision of conductors.

23. John Does #6 to 10 had a duty to train all employees under their command, control, authority and supervision to not exclude passengers on the basis of personal bias and discrimination, or for purposes of retaliation.

24. John Does #6 to 10 failed to train and supervise the employees under their command, and especially John Doe # 1, to refrain from excluding passengers on other than lawful reasons.

## FIRST COUNT

**(42 USC 1983 versus Scott)**

25. In acting as aforesaid on October 31, 2007, Defendant Scott acted under color of state law to deprive Plaintiff of his civil rights arising under the United States Constitution, to wit, his right to travel without restraint or restriction; his First Amendment right to be free of retaliation for his past litigation with New Jersey Transit; his Fourth Amendment right to be free of unreasonable seizures of his person; and his Fourteenth Amendment rights to procedural and substantive due process.

26. As a result of the actions of Scott, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment on this Count pursuant to the statute against Defendant Scott for compensatory and punitive damages, reasonable counsel fees, and costs of suit, as well as injunctive relief barring further such enforcement activity.

## SECOND COUNT

**(42 USC 1983 continuing violation versus**

**remaining NJT Defendants)**

27. The NJT Defendants have had a custom, usage, pattern and practice of harassing Plaintiff by threatening him with arrest for various offenses, such as this loitering charge, when he is on or upon premises which they control and/or patrol.

28. The harassment of Plaintiff by the NJT Defendants has been ongoing and continuing since at least 2003, and is thus a continuing violation.

WHEREFORE, Plaintiff demands judgment on this Count against the NJT De-

fendants, jointly and severally, pursuant to the statute for compensatory and punitive damages, reasonable counsel fees, and costs of suit; and for injunctive relief to prohibit future harassment of Plaintiff.

## THIRD COUNT

### (42 USC 1983 versus remaining NJT Defendants for failure to train and supervise)

29. The actions of Defendant Scott as aforesaid were the direct and proximate result of the failure of the other NJT Defendants to adequately, thoroughly and properly train and supervise officers regarding the rights of citizens.

WHEREFORE, Plaintiff demands judgment on this Count against the NJT Defendants, jointly and severally, pursuant to the statute for compensatory and punitive damages, reasonable counsel fees, and costs of suit.

## FOURTH COUNT

### (42 USC 1983 against City of Newark Defendants)

30. In failing to repeal the Newark law, despite the clear ruling of the New Jersey Supreme Court, the City of Newark Defendants acted under color of law to create a vehicle that could be wrongfully and unconstitutionally applied, or its application threatened, to violate the civil rights of Plaintiff, as was done here by Defendant Scott.

31. The Newark Defendants are charged with constructive knowledge of the decision in **State v Crawley, 90 NJ 241 (1982)**.

WHEREFORE, Plaintiff demands judgment on this Count against the City of Newark Defendants, jointly and severally, pursuant to the statute for compensatory and punitive damages, reasonable counsel fees, and costs of suit; and for injunctive relief to compel repeal of the Newark law.

## FIFTH COUNT

### (NJSA 10:6-2 versus Scott)

32. In acting as aforesaid on October 31, 2007, Defendant Scott acted under color of state law to deprive Plaintiff of his civil rights arising under the New Jersey Constitution, to wit, his Article I, § 1 rights to travel without restraint or restriction and to procedural and substantive due process; his Article I, § 6 right to be free of retaliation for his past exercise of his rights to freely express himself by bringing suit against NJT; and his Article I, § 7 right to be free of unreasonable seizures of his person.

33. As a result of the actions of Scott, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment on this Count pursuant to the statute against Defendant Scott for compensatory and punitive damages, reasonable counsel fees, and costs of suit.

## SIXTH COUNT

### (NJSA 10:6-2 continuing violation versus

### remaining NJT Defendants)

34. The NJT Defendants have had a custom, usage, pattern and practice of har-

assing Plaintiff by threatening him with arrest for various offenses, such as this loitering charge, when he is on or upon premises which they control and/or patrol.

35. The harassment of Plaintiff by the NJT Defendants has been ongoing and continuing since at least 2003, and is thus a continuing violation.

WHEREFORE, Plaintiff demands judgment on this Count against the NJT Defendants, jointly and severally, pursuant to the statute for compensatory and punitive damages, reasonable counsel fees, and costs of suit; and for injunctive relief to prohibit future harassment of Plaintiff.

### SEVENTH COUNT

### (NJSA 10:6-2  versus remaining NJT

### Defendants for failure to train and supervise)

36. The actions of Defendant Scott as aforesaid were the direct and proximate result of the failure of the other NJT Defendants to adequately, thoroughly and properly train and supervise officers regarding the rights of citizens.

WHEREFORE, Plaintiff demands judgment on this Count against the NJT Defendants, jointly and severally, pursuant to the statute for compensatory and punitive damages, reasonable counsel fees, and costs of suit.

### EIGHTH COUNT

### (NJSA 10:6-2 against City of Newark Defendants)

37    In failing to repeal the Newark law, despite the clear ruling of the New

Jersey Supreme Court, the City of Newark Defendants acted under color of law to create a vehicle that could be wrongfully and unconstitutionally applied, or its application threatened, to violate the civil rights of Plaintiff, as was done here by Defendant Scott.

38. The Newark Defendants are charged with constructive knowledge of the decision in **State v Crawley, 90 NJ 241 (1982)**.

WHEREFORE, Plaintiff demands judgment on this Count against the City of Newark Defendants, jointly and severally, pursuant to the statute for compensatory and punitive damages, reasonable counsel fees, and costs of suit; and for injunctive relief to compel repeal of the Newark law.

## NINTH COUNT

## (42 USC 1985 versus Scott, Imperiale and

## John Does #1 to #10)

39. On information and belief, Defendant Scott conspired with Defendant Capt Imperiale and other NJTPD officers as yet unidentified, named herein as John Does #2 to #5, to act under color of state law to deny homeless people due process of law, and to drive them from NJT facilities where they lawfully congregated, including but not limited to Penn Station in Newark.

40. The harassment of Plaintiff as aforesaid was conducted in furtherance of said conspiracy.

41. The conspiring Defendants were motivated, in whole or in part, to act

against Plaintiff because of his notoriety as an aggressive activist for the rights of the homeless, which has involved the filing of many well-publicized litigations, including at least one, 05-cv- 01416 against NJT, NJTPD and Chief Bober.

WHEREFORE, Plaintiff demands judgment on this Count against Defendants Scott, Imperiale and John Does #1 to #10, jointly and severally, pursuant to the statute for compensatory and punitive damages, reasonable counsel fees, and costs of suit.

### TENTH COUNT

### (John Doe #1-42 USC 1983)

42.  In preventing Plaintiff from boarding the train, Defendant John Doe #1 interfered with Plaintiffs First Amendment right to be free of retaliation for exercising his right of expression; his right to travel; and his Fourteenth Amendment rights to equal pro-tection of the law and due process of law; all contrary to 42 USC 1983.

43.  In acting as he did, Defendant John Doe #1, acted with actual and apparent authority of the State of New Jersey.

WHEREFORE, Plaintiff demands Judgment on this Count, against Defendant John Doe # 1, jointly and severally, for compensatory and punitive damages, reasonable counsel fees and costs of suit.

### ELEVENTH COUNT

### (42 USC 1983 versus John Does # 6 to 10

### for failure to train and supervise)

44.     The actions of Defendant John Doe #1 as aforesaid were the direct and proximate result of the failure of Defendants Sarles and John Does # 6 to 10 to adequately, thoroughly and properly train and supervise officers regarding the rights of citizens, contrary to 42 USC 1983.

WHEREFORE, Plaintiff demands Judgment on this Count against Defendants Sarles and John Does # 6 to 10, jointly and severally, pursuant to the statute for compensatory and punitive damages, reasonable counsel fees and costs of suit.

## TWELFTH COUNT

**(John Doe # 1 for NJSA 10:6-1)**

45.     In preventing Plaintiff from boarding the train, Defendant John Doe # 1 interfered with Plaintiffs First Amendment right to be free of retaliation for exercising his right of expression; his right to travel; his Fourteenth Amendment rights to equal protection of the law and due process of law; all contrary to NJSA 10:6-1, et seq.

46.     In acting as he did, Defendant John Doe # 1, acted with actual and apparent authority of the State of New Jersey.

WHEREFORE, Plaintiff demands Judgment on this Count, against Defendant John Doe # 1, for compensatory and punitive damages, reasonable counsel fees, and costs of suit.

## THIRTEENTH COUNT

**(42 USC 1983 continuing violation versus**

Sarles and John Does # 6 to 10)

47.     Defendants Sarles and John Does # 6 to 10 have had a custom, usage, pattern and practice of harassing Plaintiff by denying him entry to trains and buses without cause, and in apparent retaliation for his past exercise of his First Amendment right to seek redress of grievances through litigation against New Jersey Transit, its officers and employees; all contrary to 42 USC 1983.

48.     The harassment of Plaintiff by Defendants John Does # 6 to 10 has been ongoing and continuing since at least 2003, and is thus a continuing violation.

WHEREFORE, Plaintiff demands Judgment on this Count against Defendant Sarles and John Does # 6 to 10, jointly and severally, pursuant to the statute for compensatory and punitive damages, reasonable counsel fees, and costs of suit; and for injunctive relief to prohibit.


## FOURTEENTH COUNT

### (NJSA 10:6-1, et seq. continuing violation versus

### Sarles and John Does # 6 to 10)

49.     Defendants Sarles and John Does # 6 to 10 have had a custom, usage, pattern and practice of harassing Plaintiff by denying him entry to trains and buses without cause, and in apparent retaliation for his past exercise of his First Amendment right to seek redress of grievances through litigation against New Jersey Transit, its

officers and employees; all contrary to 42 USC 1983.

50. The harassment of Plaintiff by Defendants John Does # 6 to 10 has been ongoing and continuing since at least 2003, and is thus a continuing violation.

WHEREFORE, Plaintiff demands Judgment on this Count against Defendant Sarles and John Does # 6 to 10, jointly and severally, pursuant to the statute for compensatory and punitive damages, reasonable counsel fees, and costs of suit; and for injunctive relief to prohibit.

Dated: August 15, 2009

                                            COTZ & COTZ

                                            By /s/ George J. Cotz

                                            By /s/ Lydia B. Cotz

                                            Attorneys for Plaintiff